Citation Nr: 1730424 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-21 907A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to an increased rating in excess of 60 percent for coronary artery disease. 

2. Entitlement to an increased rating in excess of 10 percent for left knee fracture with degenerative spurs and crepitus.

3. Entitlement to an increased rating in excess of 10 percent for right foot fracture of the fifth toe with degenerative joint space narrowing and hallux valgus.


REPRESENTATION

Veteran represented by: AMVETS


ATTORNEY FOR THE BOARD

M. Bilstein, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1972 to August 1994 and was awarded the National Defense Service Medal.

This matter is before the Board of Veterans' Appeals (Board) on appeal from November 2011 and March 2013 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO).

In June 2015, the Board remanded the above claims for further evidentiary development, which has been accomplished. Stegall v. West, 11 Vet. App. 268, 270-71 (1998) (holding that a remand by the Board imposes upon the Secretary of VA a concomitant duty to ensure compliance with the terms of the remand, and that the Board itself commits error as a matter of law in failing to ensure this compliance).


FINDING OF FACT

In July 2017, prior to the promulgation of a decision by the Board, the Veteran submitted correspondence stating that he wished to withdraw from appellate review his claims of entitlement to ratings in excess of 60 percent for coronary artery disease, in excess of 10 percent for left knee fracture with degenerative spurs and crepitus, and in excess of 10 percent for right foot fracture of the fifth toe with degenerative joint space narrowing and hallux valgus.


CONCLUSION OF LAW

The criteria for withdrawal of the claims of entitlement to ratings in excess of 60 percent for coronary artery disease, in excess of 10 percent for left knee fracture with degenerative spurs and crepitus, and in excess of 10 percent for right foot fracture of the fifth toe with degenerative joint space narrowing and hallux valgus have been met. 38 U.S.C.S. § 7105(d)(5) (LexisNexis 2017); 38 C.F.R. §§ 20.202, 20.204 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

A substantive appeal may be withdrawn in writing, by the Veteran or his authorized representative, at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. In July 2017, prior to the Board promulgating a decision, the Veteran submitted correspondence stating that he wished to withdraw all his claims currently on appeal. Therefore, the Board finds that the July 2017 correspondence satisfies the requirements for withdrawal of a substantive appeal as to the issues of entitlement to an increased rating for coronary artery disease, to an increased rating for the left knee fracture with degenerative spurs and crepitus, and to an increased rating for the right foot fracture of the fifth toe with degenerative joint space narrowing and hallux valgus.

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.S. § 7105(d)(5) (LexisNexis 2017); 38 C.F.R. § 20.202 (2017). As the pertinent criteria for withdrawal of the issues of entitlement to an increased rating for coronary artery disease, to an increased rating for the left knee fracture with degenerative spurs and crepitus, and to an increased rating for the right foot fracture of the fifth toe with degenerative joint space narrowing and hallux valgus have been satisfied, there remain no allegations of errors of fact or law for appellate consideration with respect to these issues. The Board consequently does not have jurisdiction to review them, and they are dismissed.






ORDER

The appeal as to the issue of entitlement to an increased rating in excess of 60 percent for coronary artery disease is dismissed.

The appeal as to the issue of entitlement to an increased rating in excess of 10 percent for left knee fracture with degenerative spurs and crepitus is dismissed. 

The appeal as to the issue of entitlement to an increased rating in excess of 10 percent for right foot fracture of the fifth toe with degenerative joint space narrowing and hallux valgus is dismissed. 



____________________________________________
S.C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs